UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| *In re:* Robert L Bachmen,<br>Attorney at Law, Bar No. 5860 | Case No. 2:22-ms-00102<br><br>ORDER OF SUSPENSION |

**I.   SUMMARY**

This is an attorney discipline matter. Before the Court is Robert L Bachmen's response to the Court's Order to Show Cause ("OSC") why he should not be suspended from practice before this Court following the Order Approving Conditional Guilty Plea Agreement filed by the Nevada Supreme Court ("NSC") on November 17, 2022. (ECF Nos. 1 (OSC), 4 (the "Response").) As further explained below, the Court will suspend Attorney Bachmen from practice before this Court because this Court has neither the obligation, resources, nor inclination to monitor Attorney Bachmen's compliance with the probationary conditions the NSC imposed on him. However, Attorney Bachmen may file a petition for reinstatement once he has fully discharged those conditions and can produce a certificate of good standing from the NSC reflecting the same.

**II.   BACKGROUND**

Attorney Bachmen was suspended by the NSC following his conditional guilty plea to a charge that he violated RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.16 (declining or terminating representation), RPC 5.3 (responsibilities of nonlawyer assistants), and RPC 5.4 (professional independence of a lawyer). (ECF No. 1 at 4.) He agreed to a six-month suspension stayed for one year provided he complies with certain probationary conditions. (*Id.* at 5-6.) That means that the NSC will release Attorney

1 | Bachmen from probation in late 2023 assuming he complies with the conditions imposed
2 | on him.
3 |       This Court issued the OSC as to why Attorney Bachmen should not be suspended
4 | from practice in this Court on November 22, 2022. (*Id.*) Attorney Bachmen timely filed his
5 | Response on December 22, 2022. (ECF No. 4.) In his Response, Attorney Bachmen
6 | argues the Court should not reciprocally suspend him because he is still able to practice
7 | in Nevada state court and he did not really harm the clients whose grievances led to his
8 | stayed suspension by the NSC. (*Id.* at 5-7.)

## III.    DISCUSSION

This Court imposes reciprocal discipline on a member of its bar when that person is suspended or otherwise disciplined by a state court unless it determines that the state's disciplinary adjudication was improper. *See In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002). Specifically, the Court will only decline to impose reciprocal discipline if the attorney subject to discipline presents clear and convincing evidence that:

> (A) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (B) there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the court should not accept as final the other jurisdiction's conclusion(s) on that subject; (C) imposition of like discipline would result in a grave injustice; or (D) other substantial reasons justify not accepting the other jurisdiction's conclusion(s).

LR IA 11-7(e)(3); *see also In re Kramer*, 282 F.3d at 724-25 (stating that the attorney bears the burden by clear and convincing evidence).

The Court will suspend Attorney Bachmen from practice before this Court because the NSC's disciplinary adjudication regarding Attorney Bachmen following his conditional guilty plea appears to have been proper, and he presents no clear and convincing evidence to the contrary. Further, and as noted above, while Attorney Bachmen does appear to be allowed to practice in the Nevada state courts, he is also subject to probationary conditions that this Court has neither the obligation, resources, nor inclination to monitor. (ECF No. 1 at 5-6.)

///

Despite Attorney Bachmen's valid arguments in his Response, the Court sees no substantial reasons not to suspend Attorney Bachmen based on its review of the record. *See* LR IA 11-7(e)(3). The Court's practice is to treat stayed suspensions by the NSC as actual suspensions in this Court, following the NSC's lead in cases where it imposes discipline instead of creating a parallel monitoring system. The Court does not wish to create an exception for Attorney Bachmen in this case. "Admission to practice before the Supreme Court of Nevada, in good standing, is a continuing condition of admission to the bar of this court." LR IA 11-1(a)(1). Attorney Bachmen is not currently in good standing with the NSC. Thus, he cannot currently satisfy a prerequisite for admission to the bar of this Court. Moreover, as noted both above and in other, similar orders, the Court has neither the obligation, resources, nor inclination to monitor compliance with the probationary conditions the NSC imposed on Attorney Bachmen. The Court will therefore suspend Attorney Bachmen.

That said, Attorney Bachmen is free to petition the Court for reinstatement under LR IA 11-7(i) assuming he is able to successfully complete his term of probation with the NSC. Any petition for reinstatement should not be filed until Attorney Bachmen has successfully discharged each and every probationary condition imposed on him by the NSC, and he is able to present both a certificate of good standing from the NSC and evidence sufficient to establish that his practice in the Nevada state courts is fully unencumbered by any probationary or other conditions stemming from his conditional guilty plea or any other discipline imposed on him by the NSC, such as a letter from the Nevada State Bar confirming he successfully discharged his probation.

### IV.    CONCLUSION

It is therefore ordered that Robert L. Bachmen, Bar No. 5860, is hereby suspended from practice in the United States District Court for the District of Nevada.

DATED THIS 4th Day of January 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

3

CERTIFICATE OF SERVICE

    Pursuant to Fed. R. Civ. P. 5(b) and LR 5-1, I hereby certify that I am an employee of United States District Court, and that on this 13th day of January 2023, I caused to be served a true and correct copy of the foregoing Order to Show Cause to the following parties via Certified Mail, Return Receipt Requested via the United States Postal Service, in a sealed envelope, postage prepaid, to the following:

    Robert L. Bachman, Esq.
    c/o Timothy P. Thomas
    1771 E. Flamingo Road, Suite B-212
    Las Vegas, NV 89119

    Certified Mail No.: 7020 3160 0000 7420 2961

/s/ Sharon H.
Deputy Clerk
United States District Court
District of Nevada